UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH GONZALES,<br><br>Plaintiff,<br><br>v.<br><br>JOHN CHRISTIANSEN, *et al.*,<br><br>Defendants. | Case No. 26-cv-12406<br><br>Honorable Robert J. White |

**OPINION AND ORDER PARTIALLY DISMISSING THE COMPLAINT**

I. Introduction

Michigan inmate Joseph Gonzales filed this pro se civil rights action under 42 U.S.C. § 1983. Gonzales sues six St. Louis Correctional Facility officials: (1) Warden John Christiansen, (2) Deputy Warden Desco, (3) Assistant Deputy Warden Wentzel, (4) Assistant Deputy Warden Hull, (5) Captain Mills, and (6) Corrections Officer Andreas. For the following reasons, the case will proceed against defendant Andreas on Gonzales' First Amendment retaliation claim, and the Court will dismiss the remaining claims and defendants.

II. Legal Standard

The Court permitted Gonzales to proceed without prepayment of fees. (ECF No. 5). *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth*, 114 F. 3d 601, 604 (6th Cir. 1997).

The Prison Litigation Reform Act ("PLRA") authorizes the Court to dismiss a prisoner complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v.*

*Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

III. Background

Gonzales is a security level four inmate at the St. Louis Correctional Facility. He asserts that in January 2026 his unit was converted from a "confinement pending hearing" unit to a "temporary segregation" unit. (ECF No. 1, PageID.5.) Beginning on January 27, 2026, during this transition, Plaintiff asserts that he was required to double-bunk with other segregation prisoners. He was also denied recreation, cleaning, hygiene, and grooming supplies. Additionally, he was denied phone and other communication privileges. (*Id.* at PageID.6). The restrictive conditions persisted for "several days." (*Id.*)

On January 29, 2026, defendant corrections officer Andreas, rather than a food porter, delivered a meal to Gonzales' cell. When Gonzales saw that Andraes touched an unsanitary common surface with his gloves, he complained and asked Andreas to change gloves before serving the food. Andreas refused, so Gonzales asked for a body worn camera reporting form to file a grievance. Instead, Andreas brandished his taser at Gonzales and ordered him to the back of his cell. (*Id.* at PageID.6).

Gonzales complained to defendant Mills about the change in conditions in the unit, but Mills refused to do anything. (*Id.* at PageID.6-7). Gonzales asserts in

general terms that the conditions at the prison are "downright cruel and barbaric," and that the administrators at the prison habitually reject and retaliate against prisoners who complain. (*Id.* at PageID.7). He similarly asserts in conclusory terms that administrators regularly punish entire units for the conduct of a few inmates, exacerbating the hostile atmosphere among prisoners. (*Id.*).

Based on these factual allegations, Gonzales raises four claims for relief. In Claim I, Gonzales asserts that Andreas violated his First Amendment right to be free from retaliation when he brandished his taser at Gonzales for asking for a grievance form for Andreas' improper handling of food. (*Id.* at PageID.8). In Claim II, Gonzales asserts that all the defendants violated his First Amendment right to association when he was prevented from communicating with his family and friends. (*Id.*). In Claim III, Gonzales asserts that all the defendants violated his Eighth Amendment rights by depriving him of exercise time, placing him in "substandard conditions," and by housing him with segregated inmates. He asserts that the conditions lasted for "several days." (*Id.* PageID.9). Finally, in Claim IV, Gonzales asserts that his rights under the Equal Protection Clause were violated when he was treated differently from the other similarly situated segregation inmates. (*Id.* at PageID.9.)

Gonzales seeks declaratory relief, $100,000 in compensatory damages, $25,000 in punitive damages, and $35,000 in emotional damages. (*Id.* at PageID.10).

IV. Analysis

A. *First Amendment Retaliation*

Gonzales first claims that defendant Andreas violated his First Amendment rights by retaliating against him by threatening him with a taser for asking for a grievance form. (ECF No. 1, PageID.8).

To state a First Amendment retaliation claim, Gonzales must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by the protected conduct. *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010).

Gonzales asserts that he was engaged in the constitutionally protected conduct of attempting to file a grievance regarding Andreas mishandling his food. (ECF No. 1, PageID.8). The filing of a non-frivolous grievance is protected conduct. *See Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018). He further asserts that Andreas took adverse action by brandishing and threatening Plaintiff with a taser. (ECF No. 1, PageID.6); *Smith v. Nevins*, No. 1:21-cv-30, 2023 WL 2655911, 2023 U.S. Dist. LEXIS 53496, *15-16 (W.D. Mich. Jan. 24, 2023) (threat of physical force with taser sufficient to satisfy adverse action element). Finally, Gonzales asserts facts

indicating that the adverse action was motivated by his request to file a grievance because it was made in direct response to the request. (ECF No. 1, PageID.6).

Accordingly, Plaintiff's retaliation claim against Andreas survives PLRA screening, and the case will proceed on that claim.

B. *First Amendment Freedom of Association*

Gonzales next asserts that his First Amendment right to free association was violated when he was deprived of telephone and other communication with his friends and family for several days. (ECF No. 1, PageID.8).

While prisoners have a right to "reasonable" access to a telephone, *see Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994), Gonzales' allegations do not suggest that he was deprived of access to the outside world for an unreasonable period. *See, e.g., Almahdi v. Ashcroft*, 310 F. App'x 519 (3d Cir. 2009) (holding that restriction of prisoner's telephone access to one phone call per month did not violate the First Amendment); *Dallas v. Chippewa Corr. Facility*, No. 2:17-cv-198, 2018 WL 3829203, 2018 U.S. Dist. LEXIS 135864, *18 (W.D. Mich. Aug. 13, 2018) (dismissing prisoner's First Amendment claim premised upon a "refusal to allow him to use a phone every thirty days while on a break from sanctions"). Gonzales' complaint suggests that he was only prevented from using a phone or other communication device for a brief period consisting of "several days" while his unit

transitioned to a temporary segregation unit. (ECF No. 1, PageID.6.) Gonzales fails to state a First Amendment freedom of association claim.

C. *Eighth Amendment Deliberate Indifference to Conditions of Confinement*

Gonzales' third claim asserts that conditions on his unit violated the Eighth Amendment when he was subjected to double bunking with other segregation prisoners, a lack of adequate cleaning and hygiene supplies, a lack of recreation, and the restrictions on communications for several days. (ECF No. 1, PageID.9).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting Rhodes, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.* Allegations about temporary inconveniences do not demonstrate that the conditions fell beneath the minimal civilized measure of life's

necessities as measured by a contemporary standard of decency. *See, e.g., Parks v. Rewerts*, No. 1:25-CV-394, 2025 WL 1715751, at *14 (W.D. Mich. June 20, 2025); *see also Taylor v. Larson*, 505 F. App'x 475, 478 (6th Cir. 2012).

Plaintiff's allegations concern double-bunking, the loss of privileges, and the imposition of more restrictive conditions for a brief period. None of the allegations rise to the level of an Eighth Amendment violation. *See, e.g., Rhodes*, 452 U.S. at 348 (prisoner required to show that crowded conditions led to independent deprivations of essential food, medical care, sanitation, or other necessities to state Eighth Amendment claim); *Taylor v. Larson*, 505 F. App'x 475, 478 (6th Cir. 2012) (four day lack of toiletries was a temporary condition that did not raise to the level of a constitutional violation); *Parks v. Rewerts*, No. 1:25-CV-394, 2025 U.S. Dist. LEXIS 117363, 2025 WL 1715751, at *14 (W.D. Mich. June 20, 2025) (denials of hygiene items for short periods of time constitute temporary inconveniences that do not rise to the level of an Eighth Amendment violation); *Brown v. Prelesnik*, No. 1:12-cv-873, 2013 U.S. Dist. LEXIS 30361, 2013 WL 838289, at *15 (W.D. Mich. Mar. 6, 2013) (plaintiff's allegation that he was deprived of outdoor exercise for a little more than a month failed to allege a constitutional violation). The complaint fails to state an Eighth Amendment claim against any of the defendants.

D. *Fourteenth Amendment Equal Protection*

Finally, Gonzales asserts in conclusory terms that he was treated differently from other prisoners in his unit. (ECF No. 1, PageID.9).

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Andrews, Tr. of Gloria M. Andrews Tr. Dated Apr. 23, 1998 v. City of Mentor, Ohio*, 11 F.4th 462, 473 (6th Cir. 2021) (quoting *Center for Bio—Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011)).

"'Similarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)); *see also Tree of Life Christian Sch. v. City of Upper Arlington*, 905 F.3d 357, 368 (6th Cir. 2018)

("A plaintiff bringing an equal protection claim must be 'similarly situated' to a comparator in 'all relevant respects.'").

The Supreme Court has also recognized what is referred to as a "class-of-one" equal protection claim in which the plaintiff does not allege membership in a particular class or group but instead alleges that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Davis v. Prison Health Services*, 679 F.3d 433, 441 (6th Cir. 2012).

Gonzales' equal protection claim is entirely conclusory. Plaintiff fails to allege any specific facts showing that he was treated differently by defendants from any other similarly situated segregation prisoner. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under section 1983. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555. Therefore, Gonzales fails to state a Fourteenth Amendment equal protection claim. Accordingly,

IT IS ORDERED that the complaint is **DISMISSED** with respect to defendants (1) Warden John Christiansen, (2) Deputy Warden Desco, (3) Assistant Deputy Warden Wentzel, (4) Assistant Deputy Warden Hull, and (5) Captain Mills on Gonzales' second, third, and fourth claims.

IT IS FURTHER ORDERED that the case will proceed against defendant (6) Corrections Officer Andreas on Gonzales's First Amendment retaliation claim.

s/Robert J. White__________
Robert J. White
United States District Judge

Dated: October 9, 2026